UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIA KEARSE,

                              Plaintiff,                Case # 19-CV-6428-FPG

v.                                                            DECISION AND ORDER

GREGORY KULIKOWSKI, et al.,

                              Defendants.

## INTRODUCTION

On June 12, 2019, *pro se* Plaintiff Tia Kearse filed this civil rights action against Defendants Gregory Kulikowski, the Bath Police Department, Sandra Plume, and the Steuben County Department of Social Services for alleged violations of her Fourth Amendment rights. ECF No. 1; *see* 42 U.S.C. § 1983. Plaintiff also moved to proceed *in forma pauperis*, to appoint counsel, and for miscellaneous relief. ECF Nos. 2, 3, 4.

Plaintiff is eligible to proceed as a poor person pursuant to 28 U.S.C. § 1915(a), and therefore the Court grants her *in forma pauperis* motion. The Court also screened Plaintiff's Complaint under the 28 U.S.C. § 1915(e) criteria and determined that one claim is sufficient to proceed to service but that Plaintiff must file an amended complaint if she wishes to pursue other claims. Finally, the Court denies Plaintiff's motions for counsel and miscellaneous relief.

## DISCUSSION

### I.    Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim upon

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court must liberally construe *pro se* pleadings, but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## II. Plaintiff's Complaint

Plaintiff alleges that Defendants violated her Fourth Amendment rights on April 14, 2019 when they "forced entry" into her home "without a warrant signed by a judge." ECF No. 1 at 5. She claims that there was no emergency, visible harm, or danger to justify Defendants' actions. *Id.* Plaintiff does not provide other facts or make specific allegations against any individual Defendant.

To her Complaint, Plaintiff attaches what appears to be a police report from the incident in question.[1] It reveals that the Bath Police Department dispatched officers to Plaintiff's apartment

---

[1] When a court screens a case under § 1915, it may consider documents attached to the complaint in determining whether the plaintiff has stated a valid cause of action. *See Jordan v. New York*, 343 F. Supp. 2d 199, 203 n.1 (W.D.N.Y. 2004) (citation omitted).

because Defendant Plume, a Steuben County Child Protective Worker, called 911 because she feared that an unattended child was inside. ECF No. 1 at 10. Plume went to check on a "resident of the apartment," and when she knocked on the door she heard a child crying. She kept knocking and became concerned when there was no answer for 10 minutes.

Defendant Kulikowski and another officer, Jackson,[2] responded to the apartment. Kulikowski, Jackson, and Plume saw a small child crying in the window of the house, and Plume pounded on the window but no one came to it.

Jackson contacted the landlord's office for a key but was told that it would be an hour before the property manager would arrive. Kulikowski contacted Plaintiff's mother, informed her of the situation, and asked for a key to Plaintiff's apartment. Plaintiff's mother said that she did not have a key and that Plaintiff "doesn't need to open the door if she doesn't want to." Kulikowski told her that, if she could not help, they would enter the home however they could. Kulikowski and Jackson continued to pound on the door while announcing "police," but no one answered. They could still hear a child crying inside.

A neighbor stopped by and told the officers that the hinges could be taken off the door to get inside. Apparently, the neighbor once helped Plaintiff get inside this way when she was locked out. The neighbor got a screwdriver and hammer, and Kulikowski began taking the door off the hinges while Jackson pounded on the door while yelling: "police we are coming in." There was still no answer at the door.

The officers removed the door from the hinges without damage and entered the apartment while announcing: "police." They still heard a child crying. Kulikowski also heard the shower running, so he pounded on the bathroom door and Plaintiff answered and asked why they were there. Kulikowski explained the situation and Plaintiff said: "I don't have to answer the door if I

---

[2] Jackson is not a party to this lawsuit.

3

don't want to." The officers told her again why they were there and then exited the apartment, secured the door, and left the premises.

## III. Analysis

As an initial matter, Plaintiff cannot sue the Bath Police Department. Municipal police departments are not municipalities or "persons" subject to suit under § 1983 since they are a subdivision of their municipal government and not an independent legal entity. *See, e.g.*, *Martinez v. Queens Cnty. Dist. Attorney*, No. 12-CV-06262 (RRM)(RER), 2014 WL 1011054, at *16 (E.D.N.Y. Mar. 17, 2014) (collecting cases). Accordingly, any claims against the Bath Police Department are dismissed with prejudice. In light of Plaintiff's *pro se* status, the Court will substitute the Village of Bath as a party to this action in place of the Bath Police Department. *See, e.g.*, *Leland v. Moran*, 100 F. Supp. 2d 140, 145 (N.D.N.Y. 2000) ("Under New York law, a village is a municipal corporation capable of bringing suit and being sued.") (citation omitted).

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. "A police officer's physical intrusion into an individual's home constitutes a Fourth Amendment search," and a "warrantless search inside of a home is presumptively unreasonable." *Batt v. Buccilli*, 725 F. App'x 23, 25 (2d Cir. 2018) (quotation marks and citations omitted) (summary order). But this presumptions is rebuttable—sometimes "the exigency of a situation is so compelling that a warrantless search of home is objectively reasonable." *Id.*

An exigent situation may exist where "there is a need to assist persons who are seriously injured or threatened with such injury," and in that situation "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Id.* To assess whether the officer was justified in doing so, a court considers "whether there was *an objectively reasonable basis* for believing that medical assistance was needed, or persons were in danger." *Id.* at 25-26.

4

Although Plaintiff generally alleges that all Defendants "forced entry" into her home without a warrant, the attached police report makes clear that Kulikowski is the one who entered Plaintiff's home. At this stage of the litigation, although it appears possible that Kulikowski faced an exigent situation that made it reasonable for him to enter Plaintiff's home, Plaintiff has provided enough facts to state a Fourth Amendment claim against Kulikowski.

As to the remaining Defendants, however, Plaintiff has not given them "fair notice" of "what [her] claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93, and therefore her claims against them must be dismissed. Plaintiff may file an amended complaint that alleges the necessary facts, if they exist, to state a claim against these parties.

To state a valid § 1983 claim, Plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). As to the municipal Defendants—Village of Bath and Steuben County Department of Social Services—Plaintiff must plead a constitutional deprivation resulting from "action pursuant to official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

## IV.  Motion to Appoint Counsel

There is no constitutional right to appointed counsel in civil cases, but a court may use its discretion to appoint counsel to assist indigent litigants under § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

In determining whether to assign counsel, a court considers whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented

5

to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

Based upon the information before the Court, it is difficult to tell whether Plaintiff's claims are likely to be of substance and whether she is able to investigate the facts and adequately present her case. Accordingly, the Court denies Plaintiff's request for counsel without prejudice.

## V. Motion for Miscellaneous Relief

Plaintiff filed a Motion for Miscellaneous Relief; however, the basis of that motion is unclear. Plaintiff merely reiterates her request for monetary damages and sets forth assertions similar to those in the Complaint. Accordingly, because it cannot discern any unique basis for relief, the Court denies Plaintiff's Motion for Miscellaneous Relief.

## CONCLUSION

Plaintiff's *in forma pauperis* motion (ECF No. 2) is GRANTED and her motions to appoint counsel and for miscellaneous relief (ECF Nos. 3, 4) are DENIED. The Clerk of Court will substitute the Village of Bath in place of the Bath Police Department as a party to this action. Plaintiff's Fourth Amendment claim against Defendant Kulikowski may proceed, but all other claims and Defendants must be dismissed.

If she chooses to do so, Plaintiff has until August 19, 2019 to file an amended complaint that alleges the necessary facts, if they exist, to assert additional causes of action. An amended complaint must contain all of Plaintiff's allegations because it will replace her original Complaint.

If Plaintiff does not timely file an amended complaint, this case will proceed solely on her Fourth Amendment claim against Kulikowski and the Clerk of Court will cause the United States Marshals Service to serve the Summons, Complaint, and this Order upon Kulikowski without

Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Plaintiff does not have to file an amended complaint and, if she does not wish to do so, she may inform the Court in writing before August 19, 2019 and the Court will direct service of her Complaint as soon as possible.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: July 19, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court