UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIA KEARSE,

                          Plaintiff,          Case # 19-CV-6428-FPG

v.                                                        DECISION AND ORDER

GREGORY KULIKOWSKI, et al.,

                          Defendants.

## INTRODUCTION

On June 12, 2019, *pro se* Plaintiff Tia Kearse filed this action against Defendants Gregory Kulikowski, the Bath Police Department, Sandra Plume, and the Steuben County Department of Social Services for alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. She also filed an *in forma pauperis* motion. ECF No. 2.

On July 19, 2019, the Court granted Plaintiff's *in forma pauperis* motion and screened her Complaint under the 28 U.S.C. § 1915(e) criteria. ECF No. 5. The Court determined that Plaintiff's Fourth Amendment claim against Kulikowski was sufficient to proceed to service but dismissed all other Defendants and claims. *Id.* The Court granted Plaintiff leave to file an amended complaint. *Id.*

On August 7, 2019, Plaintiff filed an Amended Complaint against Kulikowski and the Village of Bath and a motion to appoint counsel. ECF Nos. 6, 7. The Court screened the Amended Complaint under the 28 U.S.C. § 1915(e) criteria and, for the reasons that follow, this case will proceed against Kulikowski only.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted).

A court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A court must liberally construe *pro se* pleadings, but such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004). "Specific facts are not necessary" and the plaintiff "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation and quotation marks omitted).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quotation marks omitted). But a court may deny leave to amend pleadings where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## II. Plaintiff's Amended Complaint

Plaintiff brings her Amended Complaint against Kulikowski and the Village of Bath. She alleges that, on April 14, 2019, Kulikowski "forced entry" into her home without a warrant and that there was no "threat or danger" or an "exigent situation." ECF No. 6 at 4. To her Amended Complaint, Plaintiff attached what appears to be a police report from the incident in question.[1] It reveals that the Bath Police Department dispatched officers to Plaintiff's apartment because a Steuben County Child Protective Worker called 911 because she believed an unattended child was inside. *Id.* at 10. Kulikowski and another officer responded. The officers took the door off the

---

[1] When a court screens a case under § 1915, it may consider documents attached to the complaint in determining whether the plaintiff has stated a valid cause of action. *See Jordan v. New York*, 343 F. Supp. 2d 199, 203 n.1 (W.D.N.Y. 2004) (citation omitted).

hinges and entered Plaintiff's apartment after they knocked several times, attempted to enter by other means, and continued to hear a child crying.[2] *Id.* at 10-11.

## III. Analysis

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. "A police officer's physical intrusion into an individual's home constitutes a Fourth Amendment search" and a "warrantless search inside of a home is presumptively unreasonable." *Batt v. Buccilli*, 725 F. App'x 23, 25 (2d Cir. 2018) (quotation marks and citations omitted) (summary order). As it found in its original screening order, the Court again finds that Plaintiff has provided enough facts to state a Fourth Amendment claim against Kulikowski at this stage of the litigation.

As to the Village of Bath, however, Plaintiff has not given it "fair notice" of "what [her] claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93, because she does not make any specific allegations against it. The Court indicated in its original screening order that Plaintiff had to plead a constitutional deprivation resulting from "action pursuant to official municipal policy" to state a § 1983 claim against the Village of Bath. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). Plaintiff has not done so in her Amended Complaint, and therefore the Village of Bath is dismissed as a party to this case.

## IV. Motion to Appoint Counsel

Plaintiff has asked the Court to appoint her counsel. ECF No. 7. Plaintiff also moved to appoint counsel when she filed this case, and the Court denied that request in its July 19, 2019 screening order. ECF Nos. 3, 5.

---

[2] Plaintiff attached the same police report to her original Complaint, and the Court summarized it in greater detail in its July 19, 2019 screening order. ECF No. 5 at 2-4.

There is no constitutional right to appointed counsel in civil cases, but a court may use its discretion to appoint counsel to assist indigent litigants under § 1915(e). *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).

In determining whether to assign counsel, a court considers whether the party's claims seem likely to be of substance; the party's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the party's ability to present the case; the complexity of the legal issues; and any special reason why appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

At this early stage of the litigation and based upon the information before the Court, it is difficult to discern whether Plaintiff's claims are likely to be of substance. Plaintiff's submissions have been logical and coherent, and there is no evidence that she cannot present her own case. Accordingly, the Court denies Plaintiff's request for counsel without prejudice.

## CONCLUSION

Plaintiff's motion to appoint counsel (ECF No. 7) is DENIED. This case will proceed on Plaintiff's Fourth Amendment claim against Kulikowski only; therefore, the Clerk of Court will cause the United States Marshals Service to serve the Summons, Amended Complaint, and this Order upon Kulikowski without Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

IT IS SO ORDERED.

Dated: August 23, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court